Filed 12/9/22 P. v. Reddick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094388 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F07409) |
| v. | |
| ANTONIO WAYNE REDDICK, | |
| Defendant and Appellant. | |

A jury found defendant Antonio Wayne Reddick guilty of two counts of gross vehicular manslaughter and causing injury while driving under the influence.  The jury found true that defendant personally inflicted great bodily injury and had two prior serious felonies.  On direct appeal, this court conditionally reversed the judgment and remanded for the trial court to consider defendant's eligibility for mental health diversion

1

and whether to strike the prior serious felony conviction enhancement. (*People v. Reddick* (Mar. 6, 2020, C086057) [nonpub. opn.] (*Reddick*).)[1]

On remand, the trial court found defendant ineligible for mental health diversion but exercised its discretion to strike the punishment for a prior serious felony conviction. As part of imposing the 16 years plus 28-year-to-life prison sentence, the trial court sentenced defendant to the six-year midterm, which was doubled pursuant to defendant's prior strike.

On appeal,[2] defendant contends psychological trauma based on mental illness qualifies him for the presumptive lower term under Senate Bill No. 567 (2021-2022 Reg. Sess.). Defendant further contends remand is required because the trial court did not conduct a meaningful review of his mental health history to determine whether his mental illness was a contributing factor to the crime. We agree and remand for resentencing.

The parties agree it was error for the trial court to order the California Department of Corrections and Rehabilitation (Department) to calculate defendant's credits. On remand, we also direct the trial court to calculate defendant's credits.

FACTUAL AND PROCEDURAL BACKGROUND

I

*The 2017 Trial, Verdict, And Sentence*

Defendant sideswiped a van, ran multiple red lights, and crashed, killing two people and injuring another. (*Reddick*, *supra*, C086057.)

Prior to trial, two clinicians evaluated defendant to determine whether he was suitable for a not guilty by reason of insanity defense. The clinicians expressed the

---

[1] On the court's own motion, we take judicial notice of our prior unpublished opinion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[2] After delays due to multiple extensions of time granted, the case was fully briefed on September 13, 2022, and was assigned to this panel on September 15, 2022.

opinion that defendant was malingering, and defendant did not commit the offense because of his mental condition, nor were alcohol and drug use a byproduct of defendant's mental illness.

At trial, the jury found defendant guilty of two counts of gross vehicular manslaughter while intoxicated and one count of driving under the influence. The jury found true the allegation that defendant personally inflicted great bodily injury.

At sentencing, the trial court relied on the entire record, argument from the parties, the presentence report, sentencing objectives, and its notes. The trial court found two mitigating factors existed: (1) defendant was remorseful; and (2) defendant had support from others. The court did not consider defendant's mental health in declining to impose the lower term. The court found the following factors in aggravation: (1) the crimes involved a high degree of callousness; (2) defendant engaged in violent conduct; (3) defendant was on parole at the time of the offense; (4) defendant had served prior prison terms; and (5) defendant had numerous prior convictions.

The trial court sentenced defendant to the six-year midterm for the first count of vehicular manslaughter, doubled for the prior strike; one-third the midterm or two years for the second count of vehicular manslaughter, also doubled for the prior strike; and imposed the five-year prior felony enhancement.

In addition, the trial court sentenced defendant to 25 years to life for driving under the influence causing injury, plus three years for the great bodily injury enhancement, which was added to the determinate term, for a total determinate sentence of 24 years in state prison and an indeterminate sentence of 25 years to life to be served consecutively to the determinate prison sentence.

## II

### *Defendant's Direct Appeal And Remand*

Defendant appealed his conviction, and we conditionally reversed the judgment and remanded for the trial court to conduct a mental health diversion eligibility hearing

3

and exercise its discretion whether to strike the prior serious felony enhancement. (*Reddick*, *supra*, C086057.)

At the mental health diversion eligibility hearing, defendant argued the standard for findings to support a not guilty by reason of insanity plea was not the same as determining whether defendant's mental health disorder contributed to his criminal conduct. The trial court reviewed the pretrial findings of the reviewing clinicians and found defendant ineligible for mental health diversion. In making its decision, the trial court noted a clinician diagnosed defendant with bipolar disorder, but one reviewing clinician expressed the opinion that this diagnosis did not support a finding that defendant's mental disorder was a "primary factor" in the commitment offense.

On remand, defendant filed a *Romero*[3] motion to dismiss his prior strike. In denying the *Romero* motion, the trial court analyzed defendant's criminal history, which began with carjacking and became increasingly serious and violent over the next 10 years. The court acknowledged defendant's mental health history, analyzed defendant's criminality, and considered the danger he posed to the public.

The trial court reimposed its prior sentence with one exception—the court struck the prior felony enhancement. Thus, defendant's prison term consisted of a 16-year determinate sentence plus an indeterminate prison sentence of 28 years to life.[4] The trial court directed the Department to compute defendant's credits earned while in custody.

---

[3] *People v. Romero* (1996) 13 Cal.4th 497.

[4] At defendant's 2017 sentencing, the trial court pronounced sentence as an "aggregate determinate sentence of 24 years, followed by an indeterminate sentence of 25 years to life." The three-year great bodily injury enhancement was included in defendant's determinate term. However, defendant's abstract of judgment shows the three-year great bodily injury enhancement was added to the indeterminate sentence, totaling 28 years to life. At defendant's 2021 resentencing, the court orally pronounced defendant's indeterminate sentence as 28 years to life, including the three-year enhancement for great bodily injury. Defendant's abstract of judgment from resentencing

4

## DISCUSSION

### I

### *Senate Bill No. 567*

Defendant contends the trial court did not conduct a meaningful review of whether his bipolar disorder caused psychological trauma that was a contributing factor in the offense, a finding that would entitle him to the presumptive lower term. The People respond that remand is unnecessary because there is no evidence defendant's mental illness caused psychological trauma or was a contributing factor in defendant committing the offense. Alternatively, the People claim the trial court's exercise of discretion to impose the middle term and deny defendant's *Romero* motion demonstrates remanding for resentencing would result in the trial court imposing the same sentence despite its new discretion. We agree with defendant.

Effective January 1, 2022, amended Penal Code[5] section 1170, subdivision (b)(6) made changes to the trial court's sentencing discretion. (Stats. 2021, ch. 731, § 1.3.) As relevant here, section 1170, subdivision (b)(6) provides that the court shall impose the lower term where the person has experienced psychological, physical, or childhood trauma and it was a contributing factor in the commission of the underlying offense, unless the aggravating factors outweigh the mitigating factors such that the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

We agree with the parties that amended section 1170 applies retroactively to defendant. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

---

shows the same indeterminate sentence. The court did not make any mention of changing the great bodily injury enhancement from the determinate term to the indeterminate term.

[5] Undesignated statutory references are to the Penal Code.

The trial court did not have the benefit of section 1170, subdivision (b)(6) at the time of defendant's sentencing or resentencing hearing. Although the trial court acknowledged defendant's bipolar disorder, it did not conduct an analysis to determine whether defendant's disorder caused psychological trauma and whether that trauma was a contributing factor in the commission of his offenses such that he would be entitled to the presumptive lower term of imprisonment. (§ 1170, subd. (b)(6).) Defendant thus had no incentive to develop a record concerning his bipolar disorder and whether the disorder caused psychological trauma, and to demonstrate that trauma was a contributing factor to his crime. Similarly, the trial court did not have the benefit of section 1170, subdivision (b)(6) directing it to assess whether any attending psychological trauma was a contributing factor in the commission of the offense. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242 (*Banner*), citing *People v. Frahs* (2020) 9 Cal.5th 618, 637-638.)

Despite the unavailability of section 1170, subdivision (b)(6) at the time of sentencing, the People argue the trial court will undoubtedly impose the same sentence because it has already reviewed the clinicians' findings from the mental health diversion evaluation and found defendant's bipolar disorder was not a factor in committing the underlying offense. We reject this argument.[6]

In *Banner*, *supra*, 77 Cal.App.5th at page 241, the court considered a similar argument from the People where the defendant was evaluated for mental health diversion under section 1001.36. In analyzing sections 1001.36 and 1170, subdivision (b)(6), the *Banner* court observed the former avoids conviction and imprisonment entirely while the latter potentially mitigates a sentence. (*Banner*, at p. 241.) In evaluating the standards for the two statutes, the court found "[a] standard resulting in neither conviction nor

---

[6] The People contend the record shows defendant did not suffer from a mental health disorder. The record, as a whole, does not support this conclusion.

imprisonment is properly more onerous than a standard that potentially mitigates a sentence." (*Ibid.*) Therefore, given the differing outcomes for findings under the respective sections, a finding that a mental illness causing psychological trauma was not a significant factor in the commission of the crime for purposes of section 1001.36 "does not subsume a finding it was a lesser contributing factor" for the purposes of section 1170, subdivision (b)(6). (*Banner*, at p. 241, italics omitted; *id.* at pp. 241-242.)

We agree with the analysis in *Banner* and conclude the trial court's denial of mental health diversion does not affect our decision to remand the case.

Relying on *People v. Salazar* (2022) 80 Cal.App.5th 453 (*Salazar*),[7] the People also argue we should not remand the case because the trial court denied defendant's *Romero* motion. In further reliance on *Salazar*, the People argue that because the court chose not to impose the lower term given the applicable aggravating factors and lack of mitigating factors, remand is unnecessary because the trial court "would have reached the same conclusion." Again, we disagree.

In *Salazar*, defendant trapped his former girlfriend in his motel room, repeatedly punched her, and sprayed her with bear spray. (*Salazar*, *supra*, 80 Cal.App.5th at p. 457.) The probation report identified multiple aggravating factors. (*Id.* at p. 463.) The trial court denied the defendant's *Romero* motion to strike his prior felony conviction based on his continuing 30-year criminal history and because he committed additional crimes after his arrest. (*Ibid.*) Additionally, the trial court declined the defendant's request to impose concurrent sentences. (*Ibid.*) Finally, the trial court considered the defendant's conduct aggravated, sadistic, and extended, and imposed a protective order to protect the victim. (*Id.* at p. 464.) Based on that record, the *Salazar* court concluded "[a]s a matter of law, (1) the aggravating circumstances [were] overwhelming and

---

[7] Since the People submitted their brief, our Supreme Court granted review in *Salazar*. (*Salazar*, *supra*, 80 Cal.App.5th 453, review granted Oct. 12, 2022, S275788.)

outweigh[ed] any theoretical mitigating circumstances, and (2) selection of the low term would be 'contrary to the interests of justice.' " (*Ibid.*) *Salazar* does not apply here.

In contrast to *Salazar*, defendant's crimes were not as aggravated, heinous, sadistic, or extended. Also, in addition to the aggravating factors, the trial court found two mitigating factors. Based on this record, selection of the lower term would not be contrary to the interests of justice as a matter of law.

Finally, the trial court's denial of defendant's *Romero* motion coupled with imposition of the middle term does not demonstrate it would issue the same sentence had it known about its available discretion. The trial court analyzed defendant's criminality and potential danger to others and the record is not as extensive as was the case in *Salazar*, nor were there crimes that took place after defendant was arrested.

In sum, given the lack of statutory guidance and incentive for the defense to build a record, we conclude the record does not clearly indicate the trial court would have reached the same conclusion if it had been aware of its discretion. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 ["appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion" had it been aware of its discretion].) We thus vacate the sentence and remand to allow the trial court to assess whether defendant's bipolar disorder caused psychological trauma and if that trauma was a contributing factor in the commission of the offense. (See *Banner*, *supra*, 77 Cal.App.5th at p. 242.) On remand, both defendant and the People will have the opportunity to present additional evidence to permit the trial court to make the necessary findings and exercise the discretion afforded by section 1170, subdivision (b).

## II

### *Credit Calculation*

The parties agree the trial court erred when it delegated credit calculation to the Department. We will provide instructions to the trial court regarding credit calculation on remand.

A trial court errs when it delegates its duty to calculate presentence credits to the Department. (See *People v. Vargas* (1988) 204 Cal.App.3d 1455, 1469, fn. 9.) "It is the duty of the sentencing court to determine 'the total number of days to be credited . . .' for presentence custody." (*People v. Duesler* (1988) 203 Cal.App.3d 273, 276.) The trial court must "calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.)

At sentencing, the trial court directed the Department to calculate defendant's presentence credits. Calculating credits is one of the sentencing duties of the trial court. Accordingly, on remand, we direct the trial court to calculate defendant's credits and include them in the amended abstract of judgment.

## DISPOSITION

The sentence is vacated and the matter is remanded for a hearing at which the trial court will conduct a full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) The trial court is directed to calculate defendant's actual and conduct credits and include the presentence custody credits in an amended abstract of judgment.  The trial court is also directed to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                        /s/

                                        Robie, Acting P. J.


We concur:


/s/

Hoch, J.


/s/

Earl, J.